IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS W. CUNNINGHAM,

    Plaintiff,

v.        No. CV 13-0977 LH/LAM

THE CITY OF ALBUQUERQUE, NEW MEXICO,
ALBUQUERQUE POLICE OFFICER CHRIS LUTTRELL
IN HIS INDIVIDUAL CAPACITY OR PERSONAL CAPACITY,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2), 1915A and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint. Also before the Court are Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 ("IFP") (Doc. 2) and his Motion for Leave to Amend Complaint (Doc. 5). Plaintiff is incarcerated and appears pro se. The Court will grant the IFP motion and deny the motion to amend as moot. Defendants have answered the original complaint. For reasons set out below, the Court will dismiss certain of Plaintiff's claims.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

On April 4, 2012, Plaintiff was a passenger in a truck in Albuquerque, New Mexico. The complaint alleges that Defendant Luttrell, an Albuquerque police officer, searched Plaintiff and the truck without a warrant or consent. Defendant Luttrell found drugs in the truck, and Plaintiff was later convicted of drug possession charges. Plaintiff contends that Defendant's actions violated his state and federal constitutional protections against unreasonable search and seizure. He also asserts claims that the criminal proceedings and conviction violated his due process and equal protection rights, and amounted to malicious prosecution, abuse of process (state law), and false arrest and imprisonment (federal and state law). For relief, the complaint seeks damages.

Eleven days after Defendants filed their answer, Plaintiff filed a motion to amend his complaint. Under rule 15 of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading." The motion will therefore be denied as moot, and the amended complaint will be filed as of the date of the motion. The amended complaint adds two due process claims based on allegations of false testimony by Defendant Luttrell.

Certain of Plaintiff's federal claims appear to call into question the constitutionality of the criminal conviction that Plaintiff refers to in the complaint. Specifically, Plaintiff alleges his conviction resulted from false testimony, fabricated evidence, and arrest and imprisonment without probable cause. These claims are barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his

conviction or sentence." *Id*. at 487. The complaint does not allege that Plaintiff's conviction has been set aside, *see id*. at 486-87, and thus these allegations fail to state claims cognizable under § 1983. *See Webber v. Weaver*, 6 F. App'x 706, 708 (10th Cir. 2001). The Court will dismiss Plaintiff's amended complaint and the federal claims in Counts 2, 3, 4, 5, and 6 ("(F)(1)") of the original complaint. The dismissal is without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that a plaintiff who overturns conviction may then bring § 1983 action). No opinion is expressed or implied herein as to the viability of Plaintiff's state law claims. *See, e.g., Rodriguez v. City of Long Beach*, No. SACV 10-00271 DOC (ANx), 2011 WL 3757122, at *8-*9 (C.D. Cal. Aug. 25, 2011).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) is GRANTED, and an initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Amend Complaint (Doc. 5) is DENIED as moot; and the Clerk is directed to enter the amended complaint on the docket with a filing date of November 19, 2013;

IT IS FURTHER ORDERED Plaintiff's amended complaint is DISMISSED without prejudice, and Defendants need not answer the amended complaint; and Plaintiff's federal claims of due process and equal protection violations, malicious prosecution, and false arrest and imprisonment in the original complaint are DISMISSED without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE