## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**THOMAS W. CUNNINGHAM,**

      **Plaintiff,**

**v.**                                                    **No. CV 13-0977 LH/LAM**

**THE CITY OF ALBUQUERQUE, NEW MEXICO,**
**ALBUQUERQUE POLICE OFFICER**
**CHRIS LUTTRELL IN HIS INDIVIDUAL**
**CAPACITY OR PERSONAL CAPACITY,**

      **Defendants.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on Defendants' *Martinez* report [*Doc. 22*] and motion

for summary judgment [*Doc. 23*], filed on April 29, 2014 and May 2, 2014, respectively.

Plaintiff filed responses to the *Martinez* report and to the motion for summary judgment on

May 19, 2014 [*Docs. 24* and *25*].   Defendants filed a reply to their motion for summary judgment

on June 2, 2014 [*Doc. 26*].   United States District Judge C. LeRoy Hansen referred the claims

raised in this case to the undersigned for proposed findings and a recommended disposition, and a

hearing, if necessary.   [*Doc. 14*].   Also before the Court is Plaintiff's ***Motion Requesting DNA***

***and Fingerprint Testing of the Evidence*** *(Doc. 17)*, Defendants' response to the motion

---

[1] **Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.   A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.   Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[*Doc. 18*], and Plaintiff's reply [*Doc. 21*].   Having considered the parties' submissions, relevant law, and the record in this case, the undersigned, for the reasons set forth below, recommends that: (1) Defendants' motion for summary judgment [*Doc. 23*] be **GRANTED**; (2) Plaintiff's ***Motion Requesting DNA and Fingerprint Testing of the Evidence*** *(Doc. 17)* be **DENIED**; and (3) Plaintiff's claims and this case be dismissed with prejudice.

### *Background*

Plaintiff is an inmate proceeding *pro se* and *in forma pauperis*, and, on October 7, 2013, Plaintiff filed his Civil Rights Complaint under 42 U.S.C. § 1983.   [*Doc. 1*].   On January 30, 2014, the Court dismissed without prejudice Plaintiff's amended complaint and the federal claims of due process and equal protection violations, malicious prosecution, and false arrest and imprisonment in Counts 2, 3, 4, 5, and 6 of the original complaint.   *See* [*Doc. 10* at 3]. The remaining claims in this case are Plaintiff's claim for illegal search and seizure in violation of the New Mexico and United States Constitutions (*Doc. 1* at 7), and his state law claims for abuse of process and false arrest and imprisonment in his original complaint (*id.* at 9).   *See also* Order to file a *Martinez* Report [*Doc. 15* at 1] (explaining that the only remaining claims are Plaintiff's claim for illegal search and seizure and the state law claims in his original complaint).

The following facts are either undisputed by the parties or, where disputed, are presented in the light most favorable to Plaintiff.   *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citations omitted).   Any facts set forth in Defendants' motion for summary judgment that are not specifically controverted by Plaintiff are deemed undisputed.   *See* D.N.M. LR-Civ. 56.1(b) ("All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted.").

1.       On April 4, 2012, Plaintiff was a passenger in a truck driven by Valentino Romero, which was parked at a pizza place in Albuquerque, New Mexico.   [*Doc. 1* at 2].

2.       According to Plaintiff, a man approached the truck and talked to Plaintiff for a little while.  *Id.*  The man told Plaintiff that he forgot his change from the pizza place and asked Plaintiff to hold his pizza while he went back inside, and Plaintiff told him he would.  *Id.*  The man returned from inside the business and spoke with Plaintiff some more, at which time the man looked behind him and saw the police.  *Id.*  The man grabbed his pizza from Plaintiff and left.  *Id.* at 2-3.

3.       Officer Luttrell states that he was patrolling in southeast Albuquerque and observed a truck parked behind a building next to a dumpster in the dark.   [*Doc. 22-1* at 1] (Affidavit of Officer Luttrell).   The area was known to Officer Luttrell for high drug and prostitution activity.  *Id.*

4.       Officer Luttrell observed two people sitting in the vehicle and one person standing next to the passenger door, which was open.  *Id.* at 2.  Officer Luttrell later learned that the person in the passenger side of the truck was Plaintiff.  *Id.*  Officer Luttrell observed a hand-to-hand transaction between Plaintiff and the person who was standing outside the truck.  *Id.*

5.       The person standing outside the truck then fled, and Officer Luttrell states that he saw Plaintiff "make a furtive movement, looking back and forth, picking up a black drawstring bag and placing it next to his left leg inside the vehicle."  *Id.*

6.       Officer Luttrell left his vehicle and approached the truck with his flashlight.   He states that a bag of marijuana and clear glass pipe were visible out of the top of the bag.  *Id.* at 3.

7.      Officer Luttrell instructed Plaintiff to exit the truck and Officer Luttrell took the bag so that it could not be tampered with.   *Id.*   Officer Luttrell states that the driver of the truck, Mr. Romero, stated that the bag belonged to Plaintiff.   *Id.*   Officer Luttrell states that the bag also contained a syringe, needle, spoon, and a small baggie of a substance that later tested positive for heroin.   *Id.*   Officer Luttrell arrested Plaintiff for possessing heroin and marijuana.   *Id.*

As stated above, Plaintiff's remaining claims are for illegal search and seizure in violation of the New Mexico and United States Constitutions (*Doc. 1* at 7), and his state law claims for abuse of process and false arrest and imprisonment (*id.* at 9).   Plaintiff seeks compensatory and punitive damages.   *Id.* at 10.

Defendants seek summary judgment on the basis of qualified immunity.   [*Doc. 23* at 1]. Defendants contend that Plaintiff has no standing to challenge the search of the truck because he was a passenger in the truck.   *Id.* at 4.   Defendants further contend that Officer Luttrell had reasonable suspicion to contact Plaintiff and initiate a brief investigatory detention when he personally observed what appeared to be a hand-to-hand transaction between Plaintiff and the person who was standing at the truck in an area known for drug transactions, the person standing at the truck fled when he saw the police, and the truck was parked in a dimly-lit area known for high criminal activity.   *Id.* at 5.   Defendants state that Officer Luttrell had probable cause to arrest Plaintiff based on viewing the hand-to-hand transaction between Plaintiff and the unidentified man and upon observing the drugs and drug paraphernalia in the truck.   *Id.* at 6.   Defendants state that the drugs and paraphernalia were in plain view, and that the officer's search of the bag was lawful because it was reasonable for him to believe that Plaintiff had committed a crime in his presence. *Id.* at 7-8.   Defendants further contend that there were exigent circumstances present which provide an exception to the warrant requirement.   *Id.* at 8-10.   Therefore, Defendants contend

4

that Officer Luttrell did not commit a violation of clearly established constitutional law.   *Id.* at 10-11.

 With regard to Plaintiff's claims against the City of Albuquerque, Defendants note that Plaintiff has not alleged that there is a policy or custom which proximately caused Plaintiff's alleged injuries.   *Id.* at 11-13.   Defendants further contend that their immunity has not been waived under the New Mexico Tort Claims Act, so Plaintiff's state law claims should fail.   *Id.* at 13-14.

 In Plaintiff's response to Defendants' *Martinez* report, Plaintiff re-states many of the facts of the incident as he recited in his Complaint.   [*Doc. 24* at 1-4].   Plaintiff adds allegations that Officer Luttrell committed perjury at Plaintiff's trial, and contends that certain exhibits in the *Martinez* report have been altered.   *Id.* at 5-7.   In Plaintiff's response to Defendants' motion for summary judgment, Plaintiff contends that Officer Luttrell is not entitled to qualified immunity because he gave conflicting testimony, and that Officer Luttrell has manufactured the probable cause he relied on to arrest Plaintiff.   [*Doc. 25* at 4].   Plaintiff states that he "is not challenging the [] search of the vehicle per se but he is challenging the seizure of his person as a result of the traffic stop without reasonable suspicion that he had violated any law or committed any crime." *Id.* at 5.   Plaintiff contends that Officer Luttrell did not observe a hand-to-hand drug transaction (*id.* at 7), and did not have probable cause to arrest Plaintiff because the truck did not belong to Plaintiff, Plaintiff was not driving the truck, and the drugs and paraphernalia were not Plaintiff's (*id.* at 8).   Plaintiff further contends that the bag containing the drugs and paraphernalia was not in plain view, and is the result of an illegal search.   *Id.* at 9-10.   Plaintiff also states that the City of Albuquerque allows officers to use their discretion in arresting citizens, which constitutes a violation of Plaintiff's constitutional rights.   *Id.* at 14-15.   Finally, Plaintiff alleges that immunity

has been waived under the New Mexico Tort Claims Act because Officer Luttrell knowingly falsely arrested Plaintiff.  *Id.* at 15-18.

In reply, Defendants state that Officer Luttrell's actions were objectively reasonable so that he is entitled to qualified immunity.  [*Doc. 26* at 1-2].  Defendants contend that Plaintiff's allegations that the drugs belonged to Mr. Romero contradict statements made by Mr. Romero at the time of the search and seizure.  *Id.* at 3.  Defendants state that it appears Plaintiff has abandoned his illegal search claim since he claims the bag did not belong to him, and notes that Plaintiff has failed to show that Officer Luttrell's actions were ratified by a supervisor.  *Id.*

### *Legal Standard Under Rule 56*

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."  *Adler*, 144 F.3d at 670-71 (citation omitted).  Once this initial burden is met, the burden shifts to the nonmoving party to present specific, admissible facts from which a rational trier of fact could find for the nonmoving party.  *Id.* at 671.  The nonmoving party may not rest on his or her pleadings, but must set forth specific facts "identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein" showing there is a genuine issue for trial.  *Id.* (citations omitted).  "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. . . . An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."  *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citations omitted).

Summary judgment motions based on qualified immunity are reviewed differently than other summary judgment motions in that, when a defendant asserts qualified immunity, "the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (citations omitted). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, --- U.S. ---, 131 S.Ct. 2074, 2083 (2011) (citation and internal quotation marks and brackets omitted). While a case directly on point is not required, "existing precedent must have placed the statutory or constitutional precedent beyond debate." *Id.* (citations omitted). "[C]ourts have discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (citation and internal quotation marks omitted).

Because Plaintiff is proceeding *pro se*, the Court must review his pleadings liberally and hold them to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this does not mean that the Court can "assume the role of advocate for the pro se litigant." *Id.*

### *Illegal Search and Seizure Claim*

Plaintiff's only remaining federal claim is that Officer Luttrell conducted an illegal search and seizure.   [*Doc. 1* at 7].   Plaintiff states that he "is not challenging the [] search of the vehicle pre [sic] se but he is challenging the seizure of his person as a result of the traffic stop without reasonable suspicion that he had violated any law or committed any crime."   [*Doc.25* at 5.]

The Fourth Amendment applies when police officers make a brief investigatory stop, such as the stop of a vehicle.   *United States v. Cortez*, 449 U.S. 411, 417 (1981); *see also Terry v. Ohio*, 392 U.S. 1, 19 (1968).   Such stops are permissible when the officer making the stop has reasonable suspicion "that the person has been, is, or is about to be engaged in criminal activity." *United States v. Hensley*, 469 U.S. 221, 227 (1985) (citation, internal quotation marks, and emphasis omitted).   Reasonable suspicion exists when a police officer can point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."   *Terry*, 392 U.S. at 21 (footnote omitted); *see also Alabama v. White*, 496 U.S. 325, 330 (1990) (noting that reasonable suspicion "can be established with information that is different in quantity or content than that required to establish probable cause").   "Whether . . . an investigative detention is supported by an objectively reasonable suspicion of illegal activity does not depend upon any one factor, but on the totality of the circumstances."   *United States v. Soto*, 988 F.2d 1548, 1555 (10th Cir. 1993) (citation omitted).   Depending on the totality of the circumstances, ambiguous behavior, susceptible to an innocent interpretation, may give rise to a reasonable suspicion of criminal activity.   *Oliver v. Woods*, 209 F.3d 1179, 1188 (10th Cir. 2000).   "[A]s long as [an officer] has a particularized and objective basis for suspecting an individual may be involved in criminal activity, he may initiate an investigatory detention even if it is more likely than not that the individual is *not* involved in any illegality."   *United States v.*

*Johnson*, 364 F.3d 1185, 1194 (10th Cir. 2004).  In addition, the qualified immunity standard allows for mistaken judgments based upon a mistake of fact, mistake of law or a mistake based on a combination of the two, so long as the mistake is objectively reasonable.  *See Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009); *see also Young v. Eslinger*, No. 06-15489, 244 Fed. Appx. 278, 279, 2007 WL 1779626 (11th Cir. June 21, 2007) (unpublished) (explaining that, to determine whether defendants are entitled to qualified immunity, the Court need not decide whether reasonable suspicion or probable cause actually existed; rather, the Court need only determine that "reasonable officers in the same circumstances and possessing the same knowledge as [the officer in question] could have believed that reasonable suspicion or probably cause existed") (citation and internal quotation marks and brackets omitted).

Here, the Court finds that Officer Luttrell reasonably believed that a hand-to-hand drug transaction had taken place between Plaintiff and the person who fled.  This belief, coupled with the undisputed fact that the incident took place in an area known for criminal activity and that the other man fled when he saw the officer's vehicle, provides reasonable suspicion for Officer Luttrell to have initiated an investigatory stop.  While Plaintiff contends that he was merely holding a pizza box for the man who fled, the fact that Officer Luttrell observed a hand-to-hand exchange between Plaintiff and this man is undisputed.  Moreover, it is also undisputed that the man fled when he saw the officer's vehicle, and the area is known for criminal activity, which further supports a finding of reasonable suspicion.  In addition, Officer Luttrell states that he saw Plaintiff "make a furtive movement, looking back and forth, picking up a black drawstring bag and placing it next to his left leg inside the vehicle," and this statement is not specifically controverted by Plaintiff.  *See* D.N.M. LR-Civ. 56.1(b).  Therefore, in light of the facts available to Officer Luttrell at the time he approached the truck, the Court finds that he had

reasonable suspicion to make an investigatory stop and, therefore, is entitled to qualified immunity. *See, e.g., United States v. Ellis*, No. 05-4175, 180 Fed. Appx. 827, 829, 2006 WL 1376894 (10th Cir. May 19, 2006) (unpublished) (finding that officers had reasonable suspicion to detain the defendant when there had been citizen complaints regarding hand-to-hand drug transactions in the area, the defendant was observed approaching a suspicious car and talking to an occupant immediately after two individuals had separately approached the same car and had engaged in conduct consistent with a hand-to-hand transaction, and one of the officers knew that the defendant had a criminal record, including an arrest for drug possession); *see also United States v. Duguay*, 93 F.3d 346, 350 (7th Cir. 1996) (holding that, while the officer's reliance on the defendants' "suspected trespassing, nefarious associates, prior drug trafficking, and presence in a crime-ridden district might have been discretely impermissible, we concluded that the combination of these factors may arouse a reasonable suspicion in an objectively reasonable police officer").

To the extent Plaintiff is also contending that the search of his person and his arrest were unlawful, the Court finds that Officer Luttrell is entitled to qualified immunity for these actions as well.   An officer may search a person for weapons when there is reasonable suspicion of a drug transaction.  *See United States v. Garcia*, 459 F.3d 1059, 1064 (10th Cir. 2006) ("[W]e have held that a connection with drug transactions can support a reasonable suspicion that a suspect is armed and dangerous.")   Therefore, the officer's search of Plaintiff was permissible.   With regard to Plaintiff's arrest, an officer must have probable cause to arrest a person without a warrant.  *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) ("A police officer violates an arrestee's clearly established Fourth Amendment right to be free of unreasonable seizure if the officer makes a warrantless arrest without probable cause.") (citation omitted); *see also Michigan*

*v. DeFillippo*, 443 U.S. 31, 36, (1979) ("[T]he Constitution permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense.") (citation omitted).   "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she had reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense."   *Keylon v. City of Albuquerque*, 535 F.3d 1210, 1216 (10th Cir.2008) (citation and internal quotation marks omitted).   Here, Officer Luttrell's observation of a hand-to-hand transaction between Plaintiff and a person who fled when he saw the officer's vehicle, the fact that the events took place in an area known for criminal activity, Officer Luttrell's observation of Plaintiff furtively placing a black bag on the floor of the truck next to Plaintiff's left leg, Officer Luttrell's observation that the bag contained drugs and drug paraphernalia in the truck, and Mr. Romero's statement to Officer Luttrell that the bag belonged to Plaintiff, constitutes sufficient probable cause for Plaintiff's arrest.   While Plaintiff contends that the bag found in the truck did not belong to him, Officer Luttrell's observations are still sufficient to constitute probable cause to arrest Plaintiff for drug possession, even if it turned out that the officer's observations were incorrect.   *See Herrera*, 589 F.3d at 1070 (explaining that the qualified immunity standard allows for mistaken judgments based upon a mistake of fact, so long as the mistake is objectively reasonable).   In addition, the Court notes that Plaintiff does not contend that the search of the truck was in violation of Plaintiff's constitutional rights, so any possible issue regarding how the officer came to find the bag containing the drugs is not before the Court.   The Court, therefore, finds that a reasonable officer could have believed that probable cause existed to arrest Plaintiff, so Officer Luttrell is entitled to qualified immunity with regard to Plaintiff's arrest.

For these reasons, the Court recommends that Plaintiff's federal claim for illegal search and seizure be denied.

### *Remaining Claims*

The Court finds that Plaintiff's claims against the City of Albuquerque should be dismissed because no underlying constitutional right was violated by the actions of Officer Luttrell.  *See Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) ("A municipality may not be held liable where there was no underlying constitutional violation by any of its officers.") (citations omitted).   The Court further finds that Plaintiff's state law claims for malicious abuse of process and false arrest and imprisonment should be dismissed.   The threshold question in a motion for summary judgment based on qualified immunity "is whether a constitutional or statutory right of the Plaintiff was violated by the actions" of the government official, and "[i]f no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."   *Butler ex rel. Butler v. Rio Rancho Publ. Sch. Bd. of Educ.*, 245 F. Supp. 2d 1203, 1208 and 1212 (10th Cir. 2002) (citation and internal quotation marks omitted) (granting summary judgment for defendant on claims arising under the New Mexico Tort Claims Act when there was "an absence of evidence to support the allegations of false arrest, false imprisonment or malicious abuse of process").   As set forth above, Plaintiff's constitutional rights were not violated by his arrest because he was stopped based on reasonable suspicion and he was arrested based on probable cause.   Therefore, the Court recommends that Plaintiff's state law claims be dismissed as well.

Finally, the Court considers Plaintiff's ***Motion Requesting DNA and Fingerprint Testing of the Evidence** (Doc. 17)*, in which Plaintiff asks the Court to order that the evidence in his criminal case be tested for fingerprints and DNA evidence to show that Plaintiff did not engage in

12

a hand-to-hand transaction and did not touch the black bag that was found in the truck.   *Id.* at 1-2.
Defendants contend that this motion should be denied because Plaintiff's attempt to have the
evidence tested is a collateral attack on his state law conviction that is foreclosed by the holdings in
*Heck v. Humphrey*, 512 U.S. 477 (1994), *District of Columbia Court of Appeals v. Feldman*,
460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).   [*Doc. 18* at 1].   In
reply, Plaintiff states that he is not necessarily challenging his state conviction by asking for this
testing because the results may turn out to favor Defendants.   [*Doc. 21* at 2].

      The Court finds that Plaintiff's motion should be denied because the results of such testing
would not affect the Court's finding that Officer Luttrell had reasonable suspicion to conduct an
investigatory stop and had probable cause to arrest Plaintiff.   Even if the evidence in Plaintiff's
criminal case were to show that Plaintiff did not touch the bag found by Officer Luttrell, as
explained above, the officer had reasonable suspicion to stop the truck based on an observation of
a hand-to-hand transaction, the fact that the other man fled when he saw the police vehicle, and
that the truck was stopped in an area known for criminal activity.   None of these facts depend
upon Plaintiff having actually touched the bag.   While both parties cite to *Skinner v. Switzer*,
-- U.S. --, 131 S.Ct. 1289 (2011), which allowed a prisoner in a Section 1983 proceeding to seek
DNA testing regarding a state criminal conviction, the facts of that case are distinguishable in that
the plaintiff there contended that his due process rights were violated when he was denied access to
the evidence, even though a state statute allowed him access.   Here, Plaintiff does not contend that
his constitutional rights have been violated by his being denied access to this evidence.   Instead,
Plaintiff's motion was filed almost five months after he filed his Section 1983 Complaint and this

motion appears to be an untimely attempt to raise a new claim.  For these reasons, the Court recommends that the motion be denied.

## <u>RECOMMENDED DISPOSITION</u>

For the foregoing reasons, the Court recommends that: (1) Defendants' motion for summary judgment [*Doc. 23*] be **GRANTED**; (2) Plaintiff's ***Motion Requesting DNA and Fingerprint Testing of the Evidence*** *(Doc. 17)* be **DENIED**; and (3) Plaintiff's claims and this case be dismissed with prejudice.

*Lourdes A. Martinez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

14