IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS W. CUNNINGHAM,

      Plaintiff,

v.                                  No. CV 13-0977 LH/LAM

THE CITY OF ALBUQUERQUE, NEW MEXICO,
ALBUQUERQUE POLICE OFFICER
CHRIS LUTTRELL IN HIS INDIVIDUAL
CAPACITY OR PERSONAL CAPACITY,

      Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition (Doc. 34)* ("PF&RD), filed on September 25, 2014. On October 7, 2014, Plaintiff filed *Plaintiff's Objection to Proposed Findings and Recommended Disposition (Doc. 36)* (hereinafter "objections"). No response to the objections has been filed, and the time for doing so has passed. In the PF&RD, the Magistrate Judge recommends that: (1) Defendants' motion for summary judgment [*Doc. 23*] be **GRANTED**; (2) Plaintiff's *Motion Requesting DNA and Fingerprint Testing of the Evidence (Doc. 17)* be **DENIED**; and (3) Plaintiff's claims and this case be dismissed with prejudice. [*Doc. 34* at 2]. Having conducted a *de novo* review of the portions of the PF&RD to which Plaintiff objects (*see* 28 U.S.C. § 636(b)(1)(C)), the Court has determined that Plaintiff's objections are without merit. Accordingly, the Court will: (1) overrule Plaintiff's objections; (2) adopt the *Proposed Findings and Recommended Disposition (Doc. 34)*; (3) grant Defendants' motion for summary judgment

[*Doc. 23*]; (4) deny Plaintiff's ***Motion Requesting DNA and Fingerprint Testing of the Evidence (Doc. 17)***; and (5) dismiss Plaintiff's claims with prejudice.

As explained in the PF&RD, Plaintiff's remaining claims in this case are for illegal search and seizure in violation of the New Mexico and United States Constitutions, and his state law claims for abuse of process and false arrest and imprisonment in his original complaint. *See* [*Doc. 34* at 2] (citing *Doc. 1* at 7 and 9, and *Doc. 15* at 1). Defendants sought summary judgment on the basis of qualified immunity. [*Doc. 34* at 4] (citing *Doc. 23* at 1). In the PF&RD, the Magistrate Judge found that Officer Luttrell reasonably believed that a hand-to-hand drug transaction had taken place between Plaintiff and the person who fled, and that this belief, coupled with the undisputed facts that the incident took place in an area known for criminal activity and that the other man fled when he saw the officer's vehicle, provided Officer Luttrell with reasonable suspicion to initiate an investigatory stop. [*Doc. 34* at 9]. The Magistrate Judge stated: "in light of the facts available to Officer Luttrell at the time he approached the truck, the Court finds that he had reasonable suspicion to make an investigatory stop and, therefore, is entitled to qualified immunity." *Id.* at 9-10. The Magistrate Judge further found that, to the extent Plaintiff is contending that the search of his person and his arrest were unlawful, Officer Luttrell is entitled to qualified immunity for those actions as well because an officer may search a person for weapons when there is reasonable suspicion of a drug transaction, and that Officer Luttrell had probable cause for Plaintiff's arrest. *Id.* at 10-11. The Magistrate Judge, therefore, recommends denying Plaintiff's claim for illegal search and seizure, dismissing Plaintiffs claims against the City of Albuquerque and his state law claims because no underlying constitutional right was violated by the actions of Officer Luttrell. *Id.* at 12. The Magistrate Judge also recommends denying

Plaintiff's motion for DNA and fingerprint testing, because the results of such testing would not affect the Court's findings that Officer Luttrell had reasonable suspicion to conduct an investigatory stop and had probable cause to arrest Plaintiff.  *Id.* at 13.

Plaintiff's first objects to Officer Luttrell's statement that he saw Plaintiff make a furtive movement, look back and forth, and pick up a black drawstring bag and place it next to his left leg inside the vehicle.  [*Doc. 36* at 2].  Plaintiff contends that he did not possess the black nylon bag and did not make a furtive movement to hide the bag.  *Id.*  Plaintiff contends that Officer Luttrell's observation of an unidentified man taking a pizza box from Plaintiff and walking away is not sufficient to constitute reasonable suspicion.  *Id.* at 3.  Plaintiff further contends that Officer Luttrell is not telling the truth about seeing Plaintiff touch the black bag.  *Id.* at 4-5.  The Court finds that this objection is without merit because, as explained by the Magistrate Judge, the undisputed facts that Officer Luttrell observed a hand-to-hand exchange between Plaintiff and an unidentified man, the incident took place in an area known for criminal activity, and the other man fled when he saw the officer's vehicle, provide reasonable suspicion for Officer Luttrell to have initiated an investigatory stop.  *See* [*Doc. 34* at 9-10].  Even if the Court disregards Officer Luttrell's statement that he saw Plaintiff make a furtive movement and place a black bag by his left leg inside the vehicle, the Court still agrees with the Magistrate Judge's findings that Officer Luttrell had reasonable suspicion to initiate an investigatory stop based on his observation of a hand-to-hand transaction between Plaintiff and the person who fled, which Officer Luttrell reasonably believed was a drug transaction, coupled with the undisputed facts that the incident took place in an area known for criminal activity and that the other man fled when he saw the officer's vehicle.  *Id.*  The Court, therefore, finds that this objection should be overruled.

Plaintiff's second objection is that the Magistrate Judge erred in recommending denying Plaintiff's motion for DNA and fingerprint testing of the evidence in his case. [*Doc. 36* at 5]. Plaintiff contends that this testing will prove that Plaintiff was not in possession of the black bag. *Id.* The Court finds that this objection is without merit because, as explained by the Magistrate Judge, the results of the testing Plaintiff requests would not affect the Court's finding that Officer Luttrell had reasonable suspicion to conduct an investigatory stop and had probable cause to arrest Plaintiff. *See* [*Doc. 34* at 13]. The Court agrees with the Magistrate Judge that, "[e]ven if the evidence in Plaintiff's criminal case were to show that Plaintiff did not touch the bag found by Officer Luttrell, . . . the officer had reasonable suspicion to stop the truck based on an observation of a hand-to-hand transaction, the fact that the other man fled when he saw the police vehicle, and that the truck was stopped in an area known for criminal activity. None of these facts depend upon Plaintiff having actually touched the bag." *Id.* The Court, therefore, finds that this objection should be overruled as well.

**IT IS THEREFORE ORDERED** that *Plaintiff's Objection to Proposed Findings and Recommended Disposition (Doc. 36)* are **OVERRULED**;

**IT IS FURTHER ORDERED** that the *Proposed Findings and Recommended Disposition (Doc. 34)* are **ADOPTED** by the Court;

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment [*Doc. 23*] is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's *Motion Requesting DNA and Fingerprint Testing of the Evidence (Doc. 17)* is **DENIED**; and

**IT IS FURTHER ORDERED** that this case be **DISMISSED WITH PREJUDICE** and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**